IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN SCHOMMER,

                     Plaintiff,

  v.                                                      OPINION and ORDER

KILOLO KIJAKAZI,                                     22-cv-453-jdp

                     Defendant.

---

Justin Schommer, appearing pro se, seeks judicial review of a final decision of the Social Security Administration determining that he must repay an overpayment of more than $20,000 of disability benefits. Schommer contends that he was not at fault for the overpayments; he states that he was misled by administration officials into thinking that he did not need to report changes to his income.

I conclude that the ALJ erred by failing to address Schommer's argument that he relied on erroneous information from administration officials. I will remand the case for further proceedings.

BACKGROUND

Plaintiff Justin Schommer received disability insurance benefits from 2008 to 2017 based on his autism. Schommer worked during this time but still received benefits because his income was below the threshold for "substantial gainful" work. Schommer later received notices stating that he was overpaid about $20,000 in benefits because his income had risen over the threshold and he had not notified the Social Security Administration of those earnings increases.

Schommer requested waiver of the overpayment, stating that he was not at fault for causing the overpayment. An administrative law judge held a telephonic hearing, at which Schommer appeared without representation. The ALJ examined both Schommer and his mother, Darla. The ALJ concluded that Schommer was at fault for the overpayment because he was aware that he was required to report changes in his earnings to the Social Security Administration. R. 22.[1] The appeals council denied Schommer's appeal.

## ANALYSIS

The Social Security Administration is obligated to seek repayment of funds when an overpayment of benefits occurs. 42 U.S.C. § 404(a); *Heins v. Shalala*, 22 F.3d 157, 159 (7th Cir. 1994). But the administration may not recover an overpayment when: (1) the claimant was not at fault in causing the overpayment; and (2) recovery would either defeat the purpose of 42 U.S.C. § 404 or otherwise be against "equity and good conscience." 42 U.S.C. § 404(b)(1); 20 C.F.R. § 404.506. In determining whether a claimant is without fault in causing the overpayment, the ALJ must consider "all pertinent circumstances," including a claimant's "[r]eliance upon erroneous information from an official source within the Social Security Administration." 20 C.F.R. § 404.510.

At the hearing, both Schommer and his mother asserted that Schommer wasn't at fault for the overpayment because they relied on erroneous guidance by administration officials. They testified that they had been aware that they had to notify the administration of changes in Schommer's income, and that they initially kept the administration abreast of his earnings

---

[1] Record cites are to the administrative transcript located at Dkt. 13, using the Social Security Administration's page numbering.

by mailing his pay stubs to the administration in envelopes that the administration provided him. But then the administration stopped providing him with those envelopes. When they spoke with administration officials about this, they were told that going forward, Schommer would need to report only changes to his hours. Schommer's hours didn't change in following years but his income did, placing him over the threshold of earnings considered substantial gainful work. In her decision, the ALJ recounted this testimony and concluded Schommer "knew of the requirements to report changes, that an increase in his pay occurred, and that he did not report these changes in a timely matter." R. 22.

On appeal, this court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

The ALJ's decision was not supported by substantial evidence because the ruling completely sidesteps Schommer's stated reasoning for his failure to submit his updated earnings: that administration officials stopped sending his pay stub envelopes and then told him that he needed to update the administration only on changes to his hours. He says that he relied on this erroneous guidance in choosing not to update the administration when his earnings changed even though his hours stayed the same. Perhaps the ALJ did not find this explanation credible. But if so the ALJ didn't explain that—she did not explicitly address Schommer's argument or assess Schommer's or Darla's credibility in her opinion. The ALJ

3

therefore failed to build a logical bridge between the evidence and her final determination. On remand, the ALJ should address Schommer's argument about relying on erroneous guidance from the administration.

ORDER

IT IS ORDERED that the decision denying Justin Schommer's request for a waiver of repayment of his disability benefits overpayment is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered June 21, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge